FILED

2022 May-24  AM 09:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **SOUTH STATE BANK, N.A.,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 1:21-cv-00789-ACA** |
| | ] | |
| **JAN TEAL,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## <u>MEMORANDUM OPINION</u>

Before the court is Plaintiff South State Bank, N.A.'s ("South State") motion for summary judgment. (Doc. 14).

Defendant Jan Teal borrowed just over $75,000 from South State to refinance her home mortgage. When Ms. Teal stopped making payments on the loan, South State filed this lawsuit, seeking to recover all unpaid principal amounts, accrued interest, late charges, and attorney's fees and costs. (Doc. 1). South State asserts claims for breach of contract, money had and received, and unjust enrichment. (Doc. 1 at 5–8).

The court **WILL GRANT IN PART** and **WILL DENY IN PART** South State's motion for summary judgment. Because South State has established that Ms. Teal breached the parties' loan agreement and has supported its request for damages and attorney's fees with admissible and undisputed evidence, the court

**WILL GRANT** South State's motion for summary judgment on its breach of contract claim.

Because a valid contract exists between the parties and because South State is not entitled to a double recovery, the court **WILL DENY** South State's motion for summary judgment on its money had and received and unjust enrichment claims.

## I.   BACKGROUND AND PROCEDURAL HISTORY

In deciding a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).

Ms. Teal executed a promissory note on March 30, 2018, pursuant to which South State loaned her $75,331.07 at an interest rate of 5.5%. (Doc. 14-2 at 1–2; *see also* doc. 14-5 at 2). Ms. Teal promised to repay the loan pursuant to the terms of the promissory note. (Doc. 14-2 at 1).

Ms. Teal agreed that she would be in default if she failed to make a payment as required by the promissory note. (*Id.*). She also agreed that if she defaulted, South State could declare the entire loan immediately due, and she would pay, among other things, the unpaid principal amount and any interest earned but unpaid. (Doc. 14-2 at 1). In addition, if South State declared Ms. Teal's entire loan due after default or upon final maturity, the total sum due would accrue interest from the date

2

of acceleration or maturity under the agreed-upon interest rate until the note was paid in full. (*Id.*). Ms. Teal also agreed that if she defaulted on her obligations, she would pay South State's "reasonable attorneys' fees and expenses, however not to exceed fifteen percent (15%) of the unpaid debt after default." (*Id.* at 1).

Ms. Teal made loan repayments totaling $13,971.02 between April 2018 and May 2018. (Doc. 23-1 at 3 ¶ 7). She did not make any additional loan repayments after May 2019. (*Id.*).

South State's attorney sent Ms. Teal a letter on April 29, 2021, demanding payment of the loan in full, including unpaid principal, accrued interest, and late charges. (Doc. 14-4 at 1). South State then filed this action, asserting breach of contract, money had and received, and unjust enrichment claims against Ms. Teal. (Doc. 1).

South State moved for summary judgment, and in response, Ms. Teal admitted that she was in breach of the parties' agreement, but she argued that South State had not supported its request for damages and attorneys' fees with admissible evidence. (Docs. 14, 15, 17). Pursuant to Federal Rule of Civil Procedure 56(e)(1), the court then ordered South State to provide all evidence to properly support its claims for damages and fees. (Doc. 22). South State supplemented its evidentiary submissions in support of its requested damages and fees. (Doc. 23). Ms. Teal did not respond to South State's supplemental evidence by the deadline ordered by the court.

3

## II.   DISCUSSION

South State moves for summary judgment on its breach of contract claim, and alternatively, on its money had and received and unjust enrichment claims.  (Doc. 15).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party "bears the initial responsibility" of proving "the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Then, the burden shifts to the non-moving party to show that there is a "genuine issue for trial."  *Id.* at 324 (quotation marks omitted).  The court construes all the evidence and all reasonable inferences in favor of the non-moving party.  *See Hamilton*, 680 F.3d at 1318.

Through her concession that she did not make the required payments under the promissory note (*see* doc. 15 at 10 ¶¶ 24–25; doc. 17 at 3 ¶¶ 24–25) and through her failure to respond to South State's supplemental evidentiary submission on damages and fees, the court considers South State's motion unopposed. Nevertheless, the court "cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami*, 363 F.3d 1099, 1101 (11th Cir. 2004).  This is because, even when a motion

4

for summary judgment is not opposed, "the movant is not absolved of the burden of showing that it is entitled to judgment as a matter of law." *Reese v. Herbert*, 527 F.3d 1253, 1268–69 (11th Cir. 2008) (quotation marks omitted).

1.      Breach of Contract

In Count One, South State asserts a breach of contract claim against Ms. Teal. (Doc. 1 at 5–6  ¶¶ 20–26).

The court begins its analysis by identifying the law that governs South State's breach of contract claim.  Because the court has diversity of citizenship jurisdiction over this action,[1] the court applies choice of law principles of Alabama, the forum state.  *Colonial Life & Acc. Ins. Co. v. Hartford Fire Ins. Co.*, 358 F.3d 1306, 1308 (11th Cir. 2004).  In a breach of contract action, Alabama courts apply the law of the state where the parties made the contract "'except where the parties have legally contracted with reference to the laws of another jurisdiction.'" *Id.* (quoting *Cherry, Bekaert & Holland v. Brown,* 582 So. 2d 502, 506 (Ala. 1991)).  South State accepted the promissory note in South Carolina, and the note provides that it is governed by South Carolina law.  (Doc. 14-2 at 1).  Therefore, the court applies South Carolina law.

---

[1] Based on South State's response to the court's order to show cause, the court is satisfied that it has subject matter jurisdiction.  (*See* docs. 19, 20; *see also* doc. 23 at 2 n.1).

Under South Carolina law, to prevail on its breach of contract claim, South State must prove the existence of "the contract, its breach, and the damages caused by such breach." *Fuller v. Eastern Fire & Cas. Ins. Co.*, 124 S.E.2d 602, 610 (S.C. 1962). South State has established—and Ms. Teal concedes—the first two elements of the breach of contract claim. The promissory note is a valid and enforceable contract, and Ms. Teal did not make the required payments pursuant to the terms of the note. (*See* doc. 14-2; doc. 14-3; doc. 14-5 at 5; doc. 23-1 at 3 ¶ 7). Therefore, South State is entitled to judgment as matter of law as to liability on its breach of contract claim.

South State seeks the following damages for Ms. Teal's breach of the promissory note: (1) unpaid principal of $70,924.18; (2) accrued interest of $11,708.51 with additional interest accruing at a contractual daily rate of $10.95 until the date of judgment; and (3) late charges of $210.00. (Doc. 23 at 2, 4; doc. 23-1 at 4 ¶¶ 9–11). South State substantiates these damages through the payment history for Ms. Teal's loan (doc. 14-3) and a declaration from Christopher Broom, an Assistant Vice-President for South State (doc. 23-1). In his declaration, Mr. Broom attests that he is a duly authorized custodian of South State's business records and that the payment history (doc. 14-3) is a true and correct copy of original records maintained by South State. (Doc. 23-1 at 2–3 ¶¶ 2–3). In addition, Mr. Broom attests that the payment history (doc. 14-3) was kept in the course of South

State's regularly conducted business.  (Doc. 23-1 at 3 ¶¶ 5–6).  Ms. Teal has not introduced any evidence creating a genuine dispute of fact with respect to these amounts and she has not challenged the authenticity of the loan payment history. Therefore, the record establishes that South State is entitled to damages in the amount of $82,842.69 for the unpaid principal balance, pre-judgment accrued interest, and late fees.

In addition to damages, South State argues that it is entitled to attorneys' fees and expenses.  Under the terms of the promissory note, Ms. Teal agreed that if South State was required to hire an attorney to help collect the note, then she would pay South State's "reasonable attorneys' fees and legal expenses," subject to the exception that the amount not exceed fifteen percent of the unpaid debt after default. (Doc. 14-2 at 1).  Relying on that provision of the promissory note, South State seeks attorneys' fees in the amount of $13,632.00 and legal expenses in the amount of $113.68.  (Doc. 15 at 14; doc. 23 at 2; *see also* doc. 14-2 at 1).  In a declaration, South State's attorney, Louis F. Mendez, states that based on his review of the timekeeping entries for this action, South State has incurred attorneys' fees in the amount of $13,632.00 for 41.2 hours of work performed by Mr. Mendez at a rate of $305.00 per hour and 2.6 hours of work performed by attorney Josh Jones at a rate of $410.00 per hour.   (Doc. 23-2 at 6 ¶ 3; *see also* doc. 23-2 at 6–8).  In a separate

declaration, Mr. Mendez attests that South State has incurred $113.68 in expenses. (Doc. 14-7 at 1 ¶ 2).

Ms. Teal has not disputed South State's right to attorneys' fees and expenses or the amount claimed.  Still, the court must determine whether the request is reasonable and permissible under the promissory note.

South State does not identify whether federal or state law governs the request for fees, but in either event, the same general rule applies.  Under both federal and South Carolina law, courts generally calculate attorneys' fees under a "lodestar formula" by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Layman v. State*, 658 S.E.2d 320, 332 (S.C. 2008).  To aid the court's determination, the court should consider a variety of factors.  *See Loranger*, 10 F.3d at 1299–1302 (explaining that relevant factors include "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," the time expended on the litigation and whether any of the time was "excessive, redundant or otherwise unnecessary," and whether any adjustment based on the "results obtained"); *Layman*, 658 S.E.2d at 333 ("In determining the reasonable time expended and a reasonable hourly rate for purposes of calculating attorneys' fees, South Carolina courts have historically relied on six common law factors of reasonableness: (1) the nature, extent, and difficulty of the

case; (2) the time necessarily devoted to the case; (3) the professional standing of counsel; (4) the contingency of compensation; (5) the beneficial results obtained; and (6) the customary legal fees for similar services.").

Based on the information submitted by South State (doc. 23 at 2–3; doc. 23-1 at 3–4 ¶¶ 5–7) and the court's independent judgment about "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," the court finds that Mr. Mendez's hourly rate of $305.00 and Mr. Jones' hourly rate of $410.00 are reasonable hourly rates. *See Norman*, 836 F.2d at 1299. The court also finds that Mr. Mendez's 41.2 hours of work and Mr. Jones' 2.6 hours of work on claims related to this case are reasonable. (*See* doc. 23-2 at 3 ¶ 3; *id.* at 6–9). Therefore, the appropriate lodestar in this case is $305.00 per hour for 41.2 hours of work by Mr. Mendez and $410.00 per hour for 2.6 hours of work by Mr. Jones, for a total of $13,632.00 for 43.8 hours of work. The court has considered whether adjustment is necessary, *see Norman*, 836 F.2d at 1302, but concludes that it is not.

South State also seeks $113.68 in legal expenses. (*See* doc. 14-7 at ¶2). The court finds that those expenses are reasonable as well, particularly in the absence of any objection from Ms. Teal.

Although the requested hourly rate, time spent, and expenses are reasonable, under the terms of the promissory note, South State's award of fees and expenses

cannot exceed fifteen percent of Ms. Teal's unpaid debt after default.  (Doc. 14-2 at 1).  The unpaid debt after default totals $82,842.69.  (Doc. 23 at 2, 4; doc. 23-1 at 4 ¶¶ 9–12).  Fifteen percent of $82,842.69 is $12,426.40.  Therefore, South State's award of attorneys' fees and expenses cannot exceed $12.426.40.

Accordingly, the court **WILL AWARD** $12,326.40 in attorneys' fees and $100.00 in legal expenses.

### 2.  Money Had and Received and Unjust Enrichment

In Count Two, South State asserts a claim for money had and received against Ms. Teal.  (Doc. 1 at 6–7 ¶¶ 27–29).  In Count Three, South State asserts a claim for unjust enrichment against Ms. Teal.  (*Id.* at 7–8 ¶¶ 30–34). Both claims are equitable in nature and provide relief in the absence of an express contract.  *Earthscapes Unlimited, Inc. v. Ulbrich*, 703 S.E.2d 221, 225 (S.C. 2010); *Okatie River, LLC v. Se. Site Prep, LLC*, 577 S.E.2d 468, 472 (S.C. App. 2003).  A plaintiff may pursue alternative theories, but a plaintiff has a "right to but a single recovery."  *Robert Harmon & Bore, Inc. v. Jenkins*, 318 S.E.2d 371, 376 (S.C. App. 1984).

As explained above, South State is entitled to recovery on its breach of contract claim.  Therefore, the court finds that South State is not entitled to judgment as matter of law on its claims for money had and received and unjust enrichment.

## III.    CONCLUSION

The court **WILL GRANT IN PART** and **WILL DENY IN PART** South State's motion for summary judgment.  The court **WILL GRANT** South State's motion for summary judgment on its breach of contract claim.

The court **WILL ENTER SUMMARY JUDGMENT** in favor of South State and against Ms. Teal in the amount of $82,842.69, plus post-judgment interest, accruing at the contractual rate of $10.95 per day.  The court also **WILL AWARD** attorneys' fees in the amount of $12,326.40 in attorneys' fees and legal expenses in the amount of $100.00.

The court **WILL DENY** South State's motion for summary judgment on its money had and received and unjust enrichment claims.

The court will enter a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this May 24, 2022.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE